UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MYNIKA W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-00239-MJD-JMS |
| | ) |
| MARTIN J. O'MALLEY,[2] | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Claimant Mynika W. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. *See* 42 U.S.C. § 423(d); 42 U.S.C. § 1382. For the reasons set forth below, the Court **REVERSES** the decision of the Commissioner.

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi.

## I. Background

Claimant applied for DIB and SSI in October and November of 2020, alleging an onset of disability as of July 4, 2020. [Dkt. 10-6 at 16, 28.] Claimant's applications were denied initially and again upon reconsideration, and a hearing was held before Administrative Law Judge Carol Guyton ("ALJ") on October 10, 2021. [Dkt. 10-3 at 63.] On May 27, 2022, ALJ Guyton issued her determination that Claimant was not disabled. [Dkt. 10-2 at 9.]. The Appeals Council then denied Claimant's request for review on December 29, 2022. *Id.* at 2. Claimant timely filed her Complaint on February 7, 2023, seeking judicial review of the ALJ's decision. [Dkt. 1.]

## II. Legal Standards

To be eligible for benefits, a claimant must have a disability pursuant to 42 U.S.C. § 423.[3] Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, five-step analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is

---

[3] DIB and SSI claims are governed by separate statutes and regulations that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to those that apply to DIB.

disabled; (4) if the claimant is not found to be disabled at step three, and is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three, cannot perform her past relevant work, but can perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520. Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC") by "incorporat[ing] all of the claimant's limitations supported by the medical record." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) (citing *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). If, at any step, the ALJ can make a conclusive finding that the claimant either is or is not disabled, then she need not progress to the next step of the analysis. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004) (citing 20 CFR § 404.1520(a)(4)).

In reviewing a claimant's appeal, the Court will reverse only "if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). While an ALJ need not address every piece of evidence, she "must provide a 'logical bridge' between the evidence and [her] conclusions." *Varga*, 794 F.3d at 813 (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)). Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). This Court may not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether the claimant is disabled. *Id.*

3

### III.  ALJ Decision

ALJ Guyton first determined that Claimant had not engaged in substantial gainful activity since the alleged onset date of July 4, 2020. [Dkt. 10-2 at 15.] At step two, the ALJ found that Claimant had the following severe impairments: "degenerative disc disease of the cervical spine, osteoarthritis (OA) left shoulder, mild levoscoliosis thoracic spine, bilateral carpal tunnel syndrome, (CTS), major depressive disorder, bipolar disorder, generalized anxiety disorder (GAD), post-traumatic stress disorder (PTSD)." *Id*. At step three, the ALJ found that Claimant's impairments did not meet or equal a listed impairment during the relevant time period. *Id.* at 16. ALJ Guyton then found that, during the relevant time period, Claimant had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk 4 hours in an 8-hour a day; occasionally climbing ramps/stairs, balancing, crawling, kneeling, stooping, crouching, and no climbing ladders, ropes or scaffolds; frequently handle/finger, and feel bilaterally with the upper extremities; no overhead reaching with the upper extremities; avoid concentrated exposure to wetness, hazardous machinery, unprotected heights. The claimant is able to understand, remember and carry out simple routine tasks, involving no more than simple short instructions and use of judgment to make simple work-related decisions with few workplace changes; occasional interaction with the public, coworkers, and supervisors.

*Id.* at 19.

At step four, the ALJ found that Claimant was not able to perform her past relevant work during the relevant time period. *Id*. at 26. At step five, relying on testimony from a vocational expert ("VE"), the ALJ determined that Claimant was able to perform jobs that exist in significant numbers in the national economy, such as a packer (DOT # 559.687-074), a sorter (DOT # 788.687-106), and an assembler, (DOT # 729.687-010). *Id*. at 27. Accordingly, ALJ Guyton concluded Claimant was not disabled. *Id.* at 28.

## IV.  Discussion

### A.  Claimant's Subjective Symptom Complaints

Plaintiff alleges that ALJ Guyton failed to explain her determination regarding Claimant's subjective symptom complaints because the ALJ gave boilerplate statements and insufficient reasoning for rejecting Claimant's complaints regarding her symptoms. The Court agrees.

The ALJ must justify her subjective symptom evaluation with "specific reasons supported by the record," *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013), and build an "accurate and logical bridge between the evidence and conclusion." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The Court's review of an ALJ's credibility determination is generally deferential unless "if, after examining the ALJ's reasons for discrediting testimony, we conclude that the finding is patently wrong." *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). The ALJ's determination may be patently wrong where she fails to "'build an accurate and logical bridge between the evidence and the result.'" *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (quoting *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). Simply put, an ALJ "must competently explain an adverse credibility finding with specific reasons 'supported by the record.'" *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015) (quoting *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015)).

Claimant testified that she stopped working due to pain in her lower back, which caused numbness from her shoulder blade down to her fingertips. [Dkt. 10-3 at 71.] Claimant also stated that she had excruciating pain in her shoulder, had a spinal disorder, carpel tunnel in her hands, as well as numbness over her arms and legs which causes her to be off balance sometimes when she stands up. *Id*. at 75. She also reported being on medication for bipolar disorder, PTSD, and to aid in sleeping. *Id*. Claimant reported that her pain is at a 7 out of 10 without medication. *Id*. at

5

76. Claimant testified that she could sit for 5 minutes before having to stand up and could stand for about 7 minutes before needing to sit down. *Id*. at 77. She could walk for 10 minutes before experiencing excruciating pain in her legs and could lift about 10 pounds. *Id*. Claimant also has trouble getting along with people with whom she is not familiar due to her anxiety, as well as problems concentrating on tasks. *Id*. at 80. Claimant also has trouble sleeping due to her bipolar disorder and PTSD. *Id*. at 81. If the ALJ had fully credited Claimant's testimony, a finding of disability could have been warranted.

The ALJ did not fully credit Claimant's testimony, however. Rather, after summarizing Claimant's hearing testimony about her symptoms and the medical evidence of record, the ALJ explained her subjective symptom evaluation as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because the claimant testified, she cannot work due to shoulder pain, a spinal disorder and problems with her hands due to CTS. She also said she is off balance at times and feels like she will fall. She sometimes uses a cane but could not specify the frequency of use. The cane is not prescribed by a doctor. There was decreased sensation in the left upper extremity but strength in upper extremities was good as of January 11, 2021 (Exhibit 5F). She wanted disability, but her doctor said there was no objective evidence to support it. The doctor provided restrictions that are not inconsistent with RFC stated above (Exhibit 5F/19).
>
> The claimant's mental impairments are not disabling. During the hearing, the claimant described trouble concentrating, so the RFC limited her to unskilled work. In April 2022, the claimant described fluctuations in mood. This indicates that the objective evidence supports a waxing and waning of symptoms, but they are not so chronically severe as to be disabling of all work. The undersigned is cognizant of the substantial overlap in symptomology between different mental impairments, as well as the inherently subjective nature of mental diagnoses.

> Accordingly, the claimant's psychological symptoms and their effect on her functioning have been considered together, instead of separately, regardless of the diagnostic label attached.

[Dkt. 10-2 at 21.]

As Claimant points out, these paragraphs do nothing but conclude that the ALJ found Claimant's subjective complaints unsupported. They do not provide any reasons for that conclusion or link the ALJ's conclusion to the evidence. Nor does the ALJ explain how Claimant's testimony is inconsistent with any of her doctors' findings.

When the ALJ states that claimant's doctor said there was no objective evidence to support a finding that Claimant was disabled, the ALJ is referring to a note by Dr. Mazellan, who stated that

> [Claimant] did request for short-term disability. I am unable to provide this at this time as she has not tried conservative measures yet for her neck pain, nor do I see much objective evidence to provide at this time. She is currently not employed.

[Dkt. 10-9 at 83.] Dr. Mazellan did not make a blanket statement that there exists no objective evidence as the ALJ suggests. Even if there was no objective evidence, it should be well understood by now that an ALJ may not reject statements about the intensity, persistence, and limiting effects of a claimant's pain solely because the available objective evidence does not substantiate the claimant's statements. 20 CFR § 404.1529(c)(2); *see also Hill v. Colvin*, 807 F.3d 862, 869 (7th Cir. 2015) ("But [the claimant] *testified* that she is more limited, and her testimony cannot be disregarded simply because it is not corroborated by objective medical evidence.") (emphasis in original) (citing *Hall,* 778 F.3d at 691; *Pierce v. Colvin,* 739 F.3d 1046, 1049-50 (7th Cir. 2014); *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2006)).

The ALJ also finds the evidence unsupported due to the fact that Claimant could not state the frequency with which she uses her cane. Claimant stated that she uses her cane when she "has episodes of falling." [Dkt. 10-3 at 76.] When asked how often she had to use the cane, Claimant answered that she was not sure. The ALJ does not explain why she believed that that answer called into question Claimant's credibility with regard to her subjective symptom allegations, especially given the ALJ's finding that Claimant has a moderate limitation in understanding, remembering, or applying information. [Dkt. 10-2 at 18.]

> Finally, after summarizing the ALJ's findings, Commissioner argues that
>
> while the ALJ must connect his analysis to the evidence, the Seventh Circuit has recognized that this is a "lax standard," *Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008), imposing only a "minimal duty" on the ALJ. *Schreiber v. Colvin*, 519 F. App'x 951, 961 (7th Cir. 2013). For that reason, "[n]ot all of the ALJ's reasons must be valid as long as enough of them are." *Halsell v. Astrue*, 357 F. App'x 717, 722-23 (7th Cir. 2009). SSA's rules explicitly state that an ALJ need discuss only those regulatory factors that she finds pertinent to the case before her. SSR 16-3p, 2017 WL 5180304 (SSA 2017). Thus, the ALJ need not specify which statements are or are not reliable. *Shideler*, 688 F.3d at 312.

[Dkt. 14 at 6.]

While the ALJ may not have to specify which statements are or are not reliable, an ALJ is required to "'provide a logical bridge between the evidence and [her] conclusions.'" *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021)). "[A]s with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). The ALJ simply failed to do so here. Remand is therefore required.

## V.  Conclusion

For the reasons stated above, the Commissioner's decision is **REVERSED** and **REMANDED for further proceedings consistent with this Order**.

SO ORDERED.

Dated:  7 MAR 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on
all ECF-registered counsel of record via
email generated by the Court's ECF system.